UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CAPITAL ONE BANK (USA), N.A., | Civil No. 13-2418 (PJS/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DON T. MASHAK, | |
| Defendant. | |

Plaintiff commenced this action in the state district court for Wright County Minnesota, and Defendant is attempting to remove the action to federal court under the federal removal statutes, 28 U.S.C. §§ 1441, et seq. Defendant did not tender any filing fee with his original self-styled notice of removal, (Docket No. 1), but he has filed an application seeking leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), which must be addressed before this action can proceed in federal court. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that this case is not removable to federal court. The Court will therefore recommend that Defendant's IFP application be denied, that his notice of removal be vacated, and that this action be summarily remanded to the state court where it was originally commenced.

**I.    BACKGROUND**

The Plaintiff in this case, Capital One Bank (USA) N.A., commenced this action by filing a civil complaint seeking a money judgment against Defendant. The complaint alleges that Plaintiff and Defendant entered into a credit account agreement. Defendant

allegedly used a credit card issued pursuant to the agreement, but he allegedly has failed to pay Plaintiff in accordance with the terms and conditions of the agreement. Plaintiff is now suing Defendant based on (a) breach of contract, (b) "account stated," and (c) unjust enrichment.

Sometime after this lawsuit was initiated in the state court, Defendant filed his original notice of removal, along with his pending IFP application. This Court previously reviewed the original notice of removal, and found that it did not satisfy the fundamental requirements prescribed by the federal removal statutes. Most notably, Defendant did not clearly identify the grounds for removal, and he did not file copies of all process, pleadings and orders in the state court record, as required by 28 U.S.C. § 1446(a). By order dated September 26, 2013, (Docket No. 4), Defendant was directed to file an amended notice of removal that complied with the statutory requirements. Defendant subsequently filed an amended notice of removal, (Docket No. 6), as well as various supporting affidavits and documents.

Having reviewed all of Defendant's submissions in this case, the Court now finds that Defendant has not identified any proper grounds for removal. The Court will therefore recommend that Defendant's IFP application be denied, and that this case be summarily remanded to the state court.

## II.  DISCUSSION

The federal removal statute provides that

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a) (emphasis added).

The federal removal statute is narrowly construed, to ensure that federal courts do not violate the vital principles of comity and federalism by entertaining actions in which federal subject matter jurisdiction is lacking. See Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002) ("the nature of federal removal jurisdiction – restricting as it does the power of the states to resolve controversies in their own courts – requires strict construction of the legislation permitting removal"); see also In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993) ("district court was required to resolve all doubts about federal jurisdiction in favor of remand").

The fundamental principles governing removal of state court actions to federal court have been summarized by the United States Supreme Court as follows:

> "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. [Footnote omitted.] Absent diversity of citizenship, federal-question jurisdiction is required. [Footnote omitted.] The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. [Footnote omitted.]"

Caterpillar v. Williams, 482 U.S. 386, 392 (1987) (emphasis added). See also, Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1242 (8th Cir. 1995).

The highlighted language from Caterpillar clearly indicates that removability issues must be resolved by looking at the nature of the plaintiff's claims. In the absence of diversity jurisdiction, a state court action can be removed to federal court only if the plaintiff

has pleaded a claim based on federal law. If a plaintiff is seeking relief based only on state law claims, and presents no claims based on federal law, a defendant cannot make an action removable by pleading a defense or counterclaim based on federal law. Magee, 135 F.3d at 601. As the Supreme Court has noted, the plaintiff is the "master of the claim," (Caterpillar, supra), so if the plaintiff's action is based solely on state law principles, the defendant is powerless to remove the action to federal court – even if the defendant intends to raise a defense or counterclaim based on federal law. See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ("[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense... [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim").[1]

The present state court action is not removable, because this action could not have been initiated in federal court. It clearly appears that this action is based entirely on Minnesota state common law principles – breach of contract, "account stated," and unjust enrichment. None of Plaintiff's claims is based on federal law, so its claims could not have been brought in federal court under the federal question statute, (28 U.S.C. § 1331). Defendant contends that Plaintiff could have sued him based on some unidentified federal legal theory, but that assertion – even if correct – is irrelevant. For purposes of determining whether a case arises under federal law, and is therefore removable, a court must look at

---

[1] There is one narrow exception to this rule, known as the "complete pre-emption doctrine." Caterpillar, 482 U.S. at 393. As explained by the Supreme Court, "[o]nce an area of state law has been completely pre-empted [by federal law], any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim." Id. The complete pre-emption doctrine has been applied primarily in labor law cases where federal labor law has effectively superseded any potentially relevant state law. Shuver v. Midamerican Energy Company, 154 F.3d 795, 798 (8th Cir. 1998). The complete pre-emption doctrine is wholly irrelevant here, because no federal law has pre-empted the state common law claims presented in Plaintiff's complaint.

what the plaintiff actually has pleaded – not what he could have pleaded. See Vaden, 556 U.S. at 60 ("[u]nder the longstanding well-pleaded complaint rule... a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]'") (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). In this case, Plaintiff chose to bring claims based on state law, not federal law.[2] Defendant might be entitled to raise certain rights and defenses that are based on federal law, but those federal-law rights and defenses do not make this case removable to federal court. See Magee, 135 F.3d at 601 ("[f]ederal-question jurisdiction is not created by a federal defense"); see also Stump v. Potts, 322 Fed.Appx. 379, 380 (5th Cir. 2009) (unpublished opinion) ("[t]he fact that [Defendant] brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction").

Defendant has also suggested that this action should be removable because subject matter jurisdiction exists based on "diversity of citizenship," under 28 U.S.C. § 1332. However, removal based on diversity of citizenship is permissible only if the removing defendant is not a resident of the state in which the lawsuit was commenced. 28 U.S.C. § 1441(b)(2) plainly states that –

> "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

In this case, Defendant has expressly acknowledged that he resides in Minnesota.

---

[2] Plaintiff has filed a motion for summary judgment in state court, and Plaintiff's memorandum in support of that motion plainly shows that all of its current claims against Defendant are based on state law. (See "Memorandum of Law," Docket No. 12-5, pp. 4-8.)

(Amended Notice of Removal, [Docket No. 6], p. 3 ¶ 8.)  Therefore, § 1441(b)(2) bars Defendant from removing this action from the Minnesota state court in which it was brought.

## III. CONCLUSION

Because the claims that Plaintiff has pleaded in its complaint are based wholly on state law, not federal law, this case is not removable on the premise that federal subject matter jurisdiction exists under 28 U.S.C. § 1331.  Because Defendant resides in Minnesota, this case also is not removable on the premise that federal subject matter jurisdiction exists under 28 U.S.C. § 1332.  Thus, the Court concludes that there is no proper basis for allowing this case to be removed from state court to federal court.

Because this case is not removable, the Court will recommend that Defendant's notice of removal (as amended) be vacated, and that this action be immediately remanded to state court.  The Court will further recommend that Defendant's pending IFP application be denied.  See Headd v. Headd, No. 94-1001 (8th Cir. 1994), 1994 WL 558185, (unpublished opinion) (IFP application was properly denied where IFP applicant's attempt to remove a state court action to federal court was found to be improper).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Defendant's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Defendant's notice of removal, as amended, be **VACATED**; and

3. This case be immediately **REMANDED** to the State District Court for Wright County, Minnesota.

Dated: January 6, 2014

                                              *s/Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before January 22, 2014, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.